JUSTICE TRIEWEILER
dissenting:
I dissent from the opinion of the majority.
In the event that collateral is sold at a private sale, § 30-9-504, MCA, requires reasonable notification of the time after which the private sale will be conducted.
In this case, notice was given that a private sale would be conducted sometime after May 12, 1983. However, the attorney for the party which issued the notice advised the debtor to disregard it. Therefore, the notice was void and no subsequent notice was provided prior to the sale of the collateral.
The majority concludes that a jury could find that the attorney’s advice to disregard the notice was conditioned upon the execution of a stipulation by the debtor’s attorney. However, there was no such testimony by the creditor’s attorney. He testified that “I told him he should disregard that notice of private sale.” He also testified that he gave that advice “with the understanding that Mr. Gilbert [Tezak’s attorney] was going to execute the stipulation.” However, there is no indication in either Walton’s testimony or Tezak’s testimony that *497 Walton’s understanding was communicated to Tfezak. Tfezak gave the following testimony:
A. And he told me to disregard that notice. He said, “don’t pay any attention to it. It should not have been sent to you. Just disregard it.” He said that our deal was, nothing has changed. We went through this private sale and auctions all over again, went through it all over again.
He said, “that’s the way it will be. And any documentation you get from Mack Finance, just ignore it. This is between us.” So I did ignore it. And I came home and called Mr. Gilbert and told him that I guess it was sent in error. I just forgot about it.
Tezak’s recollection was consistent with Walton’s testimony to the effect that he felt that any notice should have come from him. During cross-examination he testified as follows:
Q. And after Joe Tezak talked to you about that notice, is it true that you told him to ignore or disregard, or something to that effect, the notice itself?
A. That’s right. I felt that the notice should come from our office. The majority’s conclusion that Walton conditioned waiver of the notice upon execution of a stipulation is not only unsupported by the direct testimony, it is inconsistent with Walton’s subsequent actions. On June 20, 1983, he sent a letter to Joseph Tezak in which he affirmatively advised Tezak that he had until July 1, 1983, in which to redeem his collateral. The letter stated:
You have not less than ten (10) days from the date of this notice of private sale and until July 1, 1983, in which to redeem the collateral by paying the balance and costs in full. If full payment is not received by that date, you are hereby notified that Mack Financial Corporation will offer the collateral for sale at a private sale to be held on or after July 1,1983.
If Walton intended the previous waiver of notice to be conditioned on execution of a stipulation which had never been executed, why was it necessary to send an additional notice? And why did he affirmatively represent that Tezak had until July 1 by which to redeem his collateral? Why is Tezak being bound by a notice which even the creditor’s attorney did not consider effective?
The fact is that the creditor’s attorney represented one thing to the debtor and unbeknownst to him, the creditor was doing something else. These facts, and this Court’s holding, comply with neither the spirit nor the letter of the statutoiy notice requirements in the Uniform Commercial Code.
*498 Under these circumstances, the defendant was entitled to a directed verdict on the issue of whether he had received adequate notice pursuant to § 30-9-504, MCA.
It should be noted that the plaintiff waived its right to recover a substantial deficiency prior to the trial in this case. Whether, under § 30-9-507, MCA, defendant was entitled to damages over and above the value of that deficiency has not been decided by the majority opinion and I, therefore, express no opinion on that issue.
I would reverse the District Court’s order denying defendant’s motion for a directed verdict on the issue of liability. I express no opinion whether under these circumstances, plaintiff would have been entitled to an award of damages.